CITIZENS' SAVINGS & TRUST CO. et al. v. NEW YORK & N. S. TRAC-
TION CO.

(District Court, E. D. New York. July 16, 1921.)

Street railroads ⚖➝55—Forfeiture of franchise not enforceable in foreclosure
suit.

    In a suit to foreclose a mortgage given by a street railroad company,
in which receivers have been appointed for defendant's property, a city,
which is not a party, will not be granted permission to take possession of
and operate so much of defendant's line as is within its limits, on the
claim that it has summarily forfeited defendant's franchise and that
under the contract the city becomes owner of the property.

  In Equity. Suit by the Citizens' Savings & Trust Company and an-
other against the New York & North Shore Traction Company. On
motion by the City of New York for modification of injunction. De-
nied.

    John P. O'Brien, Corp. Counsel, of New York City, for the motion.
    Frueauff, Robinson & Sloan, of New York City, for plaintiffs.
    John E. Brady, of New York City, for defendant.

    GARVIN, District Judge. The city of New York has moved for an
order modifying the injunction granted by this court on January 18,
1921, which restrains public officers and public authorities and their
representatives from interfering in any way with the possession or
management of the property in the hands of the receivers heretofore
appointed in this action, and also permitting the city of New York
to institute an action or actions against the said receivers in any court
of competent jurisdiction.

    The petition upon which the motion is made alleges that the defend-
ant, a domestic corporation organized under the Railroad Laws of the
state of New York (Consol. Laws, c. 49), formerly operated lines of
street railroads within the city of New York and without said city in
the county of Nassau; that the lines within the city were operated under
franchises granted by the board of estimate and apportionment of the
city of New York and contained in contracts dated February 1 and
April 14, 1909, as amended by various other contracts and resolutions.
Each of said contracts provided in section 2, subdivision thirty-second,
as follows:

    "Section 2. * * * Thirty-second—In case of any violation or failure to
comply with any of the provisions herein contained, this contract may be for-
feited by a suit brought by the corporation counsel on notice of ten days to
the company or at the option of the board by resolution of the said board,
which said resolution may contain a provision to the effect that the railway
constructed and in use by virtue of this contract shall thereupon become the
property of the city, without proceedings at law or in equity: Provided, how-
ever, that such action by the board shall not be taken until the board shall
give notice to appear before it, on a certain day not less than ten (10) days
after the date of such notice, to show cause why such resolution declaring
the contract forfeited should not be adopted. In case the company fails to
appear, action may be taken by the board forthwith."

  ⚖➝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Section 2, subdivision fourth, of each of the said contracts, provided:

"Section 2. \* \* \* Fourth—Upon the termination of this original contract, or if the same be renewed then at the termination of the said renewal term, or upon the termination of the rights hereby granted for any cause, or upon the dissolution of the company before such termination, the tracks and equipments of the company constructed pursuant to this contract within the streets, avenues and highways, shall become the property of the city without cost and the same may be used or disposed of by the city, for any purpose whatsoever or the same may be leased to any company or individual. \* \* \*"

The petition further alleges that on or about March 2, 1920, defendant in violation of the terms and conditions of said contracts, wholly discontinued the operation of street surface lines authorized by said contracts, and at no time between March 2, 1920, and about April 15, 1920, operated such lines; that on or about April 15, 1920, defendant resumed the operation of its lines authorized by said contracts, and continued such operation until on or about May 3, 1920, on which date said defendant again wholly discontinued such operation, and has never resumed the same; that, defendant having failed to comply with other of the terms and conditions of said contracts, the city of New York declared to be forfeited, null, and void the franchises, rights, and privileges granted by and contained in said contracts, and declared further that the tracks and equipment of the defendant constructed pursuant to said contracts within the streets and avenues of said city should become the property of the city of New York without cost, to be used and disposed of by the city for any purpose whatsoever, and that by reason of said forfeiture the tracks and equipment of the defendant within the streets and avenues of the city become the property of the city because of such terms and conditions of said contracts.

The petition further alleges, more briefly, that this is an action to foreclose a mortgage given to the plaintiffs to secure the payment of bonds issued by defendant in the amount of approximately $800,000, which mortgage was made subsequent to the granting of said franchises; that by order of this court, made January 18, 1921, William Paul Allen and John G. Moran were appointed herein as receivers of the property rights, assets, and franchises of the defendant, and that they took possession of the railway and other property covered by the mortgage; that petitioner understands that a decree of foreclosure will shortly be made herein; that on or about April 23, 1921, the city of New York, in order to secure protection of its rights applied to this court for permission to intervene in this action as a party defendant, which application was denied; that the order appointing the said receivers contained an injunction restraining all persons acting on behalf of the city from interfering with the receivers, because of which injunction (and the denial of the said application) the city is without redress, and is unable to protect its title and right to possession of the tracks and equipment of defendant within the streets and avenues of the city of New York; that large numbers of the residents of the section covered by defendant's railway within the city, inconvenienced by the discontinuance of service, have petitioned and requested the city to take over and operate the defendant's lines within the city limits, and that the city is ready, willing, and able so to do.

The petition concludes with a prayer for the modification of the injunction granted January 18, 1921, so that the city make take possession of the tracks and equipment of defendant within the city, and may operate the road upon said tracks pending final settlement of the rights of all parties, and for an order granting leave to institute an action against said receivers in any court of competent jurisdiction.

The plaintiffs and defendant present no affidavits in opposition, but join in a motion to dismiss the application upon the following grounds:

(1) That the court is without jurisdiction or power to grant a motion to permit the city to take possession of defendant's tracks and equipment and to operate the road pending final settlement of the questions involved.

(2) and (3) That the application to this court for leave to intervene, which was denied, precludes the consideration of the present motion.

(4) This application is not a submission to this court by the city of its claim of paramount title, which this court suggested might be proper, but is an application for leave to sue the receivers—perhaps before an entirely different tribunal.

(5) If this motion were granted, it would deprive plaintiffs and defendant of their property without due process of law, and would take private property for public use without just compensation, in violation of article 14 of the amendments to the federal Constitution, and would impair the obligation of contract, in violation of section 10 of article 1 of the federal Constitution.

(6) (a) The city's laches in applying for leave to sue the receivers warrants denying the relief sought; (b) if the motion for leave to sue were granted, the receivership would be unduly protracted, and the practical effect would be to transform the pending action from an action to foreclose a mortgage into one to determine a claim to paramount title; and (c) every right of the city can be protected by having the sale herein held subject to the rights of the city of New York, if any there be.

It appears to me to be clear that this application must be denied, unless this court is prepared to make an order granting even more than this court has already refused. The court declined to make an order permitting the city to intervene as a party to this action, and now the court is asked to turn over to the city property which is now in the possession of this court in this action, without the city being even a party thereto, or else to allow the city to bring an action in some tribunal, without specifying the same, which may result in a conflict between jurisdictions. The court in its former opinion suggested neither course, and the decision then made precludes this court from granting the motion now before the court.

The other objections to the application were argued at length and have been elaborately briefed. It may be that some—perhaps all—are valid, but I shall not pass upon them, in view of my conclusions just stated. I feel constrained to deny the application, because the relief sought has been heretofore in effect denied.

The rights of the city, if any, however, must be preserved by an ap-

propriate provision in the judgment of sale herein that such sale is made subject to all rights of the city of New York in the property and franchises sold.

Motion denied.